1 | DEBRA W. YANG
United States Attorney
2 | LEON W. WEIDMAN
Chief, Civil Division
3 | SUSAN HERSHMAN
Deputy Chief, Civil Fraud Section
4 | CATHY J. OSTILLER, CSBN 174582
Assistant United States Attorney
5 | Room 7516, Federal Building
300 North Los Angeles Street
6 | Los Angeles, California 90012
Telephone: (213) 894-6159
7 | Facsimile: (213) 894-5139

8 | ROBERT D. McCALLUM, JR.
Assistant Attorney General
9 | MICHAEL F. HERTZ
JOYCE R. BRANDA
10 | LAWRENCE A. CASPER
Attorneys, Civil Division
11 | Department of Justice
Post Office Box 261
12 | Ben Franklin Station
Washington, D.C. 20044
13 | Telephone: (202) 353-7950
Facsimile: (202) 305-7868

14 |

Attorneys for United States of America

15 |

16 |        IN THE UNITED STATES DISTRICT COURT

17 |        FOR THE CENTRAL DISTRICT OF CALIFORNIA

18 |             WESTERN DIVISION

19 |

20 | UNITED STATES OF AMERICA ex rel.          CV 00-1521 JSL (MANx)
VIPUL R. VAID,

21 |        Plaintiffs,                         STIPULATION AND [PROPOSED]
                                               ORDER OF DISMISSAL
22 |    v.

23 |

24 | BLUE CROSS OF CALIFORNIA;
WELLPOINT HEALTH NETWORKS, INC.
25 | and DOES 1 through 10, inclusive,

26 |        Defendants.

27 |

28 |

JS-6 (Scan only)

CLERK, U.S. DISTRICT COURT
FILED
JUL 29 2002

Docketed
Copies / NTC Sent
JS-5 / JS-6
JS-2 / JS-3
CLSD

JUL 31 2002

28

1       For good and valuable consideration, consisting of the

2   resolution of the claims in the above-captioned action and of mutual

3   promises, covenants, and obligations made in connection therewith,

4   plaintiff the United States of America (the "United States"),

5   relator Vipul R. Vaid (the "Relator"), and defendants Blue Cross of

6   California and WellPoint Health Networks Inc. (collectively,

7   "Defendants"), appearing through their respective counsel in this

8   action, hereby stipulate and agree as follows:

9       1.   Pursuant to 31 U.S.C. § 3730(a) and (b) and 28 U.S.C. §§

10  1331 and 1345, the Court has subject-matter jurisdiction over this

11  action, which is brought under the False Claims Act, 31 U.S.C. §§

12  3729-3733.

13      2.   Defendants acknowledge and accept service of the Complaint

14  in this action, a true and correct copy of which is attached hereto

15  as Exhibit 1 (the "Complaint").   The Court has personal jurisdiction

16  over Defendants in this action.

17      3.   Venue is proper in this District pursuant to 31 U.S.C. §

18  3732(a) and 28 U.S.C. § 1391(b) because a substantial part of the

19  events giving rise to the claims brought in this action occurred in

20  this District, and Defendants can be found, reside, or transact

21  business in this District.

22      4.   Pursuant to Federal Rule of Civil Procedure 41, and without

23  further notice or hearing, (1) a dismissal with prejudice as to the

24  United States and as to the Relator shall be entered as to all

25  claims alleged in the Complaint against Defendants for the "Covered

26  Conduct," as defined in the Settlement Agreement between the United

27  States, the Relator, and Defendants, a true and correct copy of

28  which Settlement Agreement is attached hereto as Exhibit 2 (the

1  "Covered Conduct"); and (2) a dismissal with prejudice as to the

2  Relator and without prejudice as to the United States shall be

3  entered as to all other claims of unlawful conduct alleged in the

4  Complaint against Defendants.  The Attorney General consents to the

5  said dismissals because they are required by the Settlement

6  Agreement.

7                           Respectfully submitted,

8  DATED: July 25, 2002     DEBRA W. YANG
                            United States Attorney
9
10                          CATHY J. OSTILLER
                            Assistant United States Attorney
11                          Attorneys for the United States of
                            America
12

13 DATED: July ___, 2002    ROBERT D. McCALLUM, JR.
                            Assistant Attorney General
14                          MICHAEL F. HERTZ
                            JOYCE R. BRANDA
15

16                          LAWRENCE A. CASPER
                            Attorneys, Civil Division
17                          Department of Justice
                            Attorneys for the United States of
18                          America

19
   DATED: July ___, 2002    WILEY, REIN & FIELDING
20

21
                            BARBARA VAN GELDER
22                          KATHRYN BUCHER
                            Attorneys for Defendants Blue Cross of
23                          California and WellPoint Health
                            Networks Inc.
24

25 DATED: July ___, 2002
                            PHILLIP E. BENSON
26                          DONALD R. WARREN
                            Attorneys for Relator Vipul R. Vaid
27

28

                                    3

1   "Covered Conduct"); and (2) a dismissal with prejudice as to the

2   Relator and without prejudice as to the United States shall be

3   entered as to all other claims of unlawful conduct alleged in the

4   Complaint against Defendants.  The Attorney General consents to the

5   said dismissals because they are required by the Settlement

6   Agreement.

7                               Respectfully submitted,

8   DATED: July __, 2002         DEBRA W. YANG
                                 United States Attorney
9

10                              _____
                                 CATHY J. OSTILLER
11                               Assistant United States Attorney
                                 Attorneys for the United States of
12                               America

13  DATED: July 15, 2002         ROBERT D. McCALLUM, JR.
                                 Assistant Attorney General
14                               MICHAEL F. HERTZ
                                 JOYCE R. BRANDA
15
                                 _____
16                               LAWRENCE A. CASPER
                                 Attorneys, Civil Division
17                               Department of Justice
                                 Attorneys for the United States of
18                               America

19
    DATED: July __, 2002         WILEY, REIN & FIELDING
20

21
                                 _____
22                               BARBARA VAN GELDER
                                 KATHRYN BUCHER
23                               Attorneys for Defendants Blue Cross of
                                 California and WellPoint Health
24                               Networks Inc.

25  DATED: July __, 2002
                                 _____
26                               PHILLIP E. BENSON
                                 DONALD R. WARREN
27                               Attorneys for Relator Vipul R. Vaid

28

                                        3

1   "Covered Conduct"); and (2) a dismissal with prejudice as to the

2   Relator and without prejudice as to the United States shall be

3   entered as to all other claims of unlawful conduct alleged in the

4   Complaint against Defendants.  The Attorney General consents to the

5   said dismissals because they are required by the Settlement

6   Agreement.

7                                   Respectfully submitted,

8   DATED: July __, 2002             DEBRA W. YANG
                                     United States Attorney
9

10                                  _____
                                    CATHY J. OSTILLER
11                                  Assistant United States Attorney
                                    Attorneys for the United States of
12                                  America

13  DATED: July __, 2002            ROBERT D. McCALLUM, JR.
                                    Assistant Attorney General
14                                  MICHAEL F. HERTZ
                                    JOYCE R. BRANDA
15

16                                  _____
                                    LAWRENCE A. CASPER
17                                  Attorneys, Civil Division
                                    Department of Justice
18                                  Attorneys for the United States of
                                    America
19

20  DATED: July 24, 2002            WILEY, REIN & FIELDING

21                                  _____
                                    BARBARA VAN GELDER
22                                  KATHRYN BUCHER
                                    Attorneys for Defendants Blue Cross of
23                                  California and WellPoint Health
                                    Networks Inc.
24

25  DATED: July __, 2002            _____
                                    PHILLIP E. BENSON
26                                  DONALD R. WARREN
                                    Attorneys for Relator Vipul R. Vaid
27

28

                                   3

1   "Covered Conduct"); and (2) a dismissal with prejudice as to the

2   Relator and without prejudice as to the United States shall be

3   entered as to all other claims of unlawful conduct alleged in the

4   Complaint against Defendants.  The Attorney General consents to the

5   said dismissals because they are required by the Settlement

6   Agreement.

7                                 Respectfully submitted,

8   DATED: July __, 2002       DEBRA W. YANG
                                United States Attorney

9

10                               CATHY J. OSTILLER
                              Assistant United States Attorney

11                               Attorneys for the United States of
                              America

12

13   DATED: July __, 2002       ROBERT D. McCALLUM, JR.
                              Assistant Attorney General

14                               MICHAEL F. HERTZ
                              JOYCE R. BRANDA

15

16                               LAWRENCE A. CASPER
                              Attorneys, Civil Division

17                               Department of Justice
                              Attorneys for the United States of

18                               America

19

20   DATED: July __, 2002       WILEY, REIN & FIELDING

21

22                               BARBARA VAN GELDER
                              KATHRYN BUCHER

23                               Attorneys for Defendants Blue Cross of
                              California and WellPoint Health

24                               Networks Inc.

25   DATED: July 24 2002       _Donald R. War___
                              PHILLIP E. BENSON

26                               DONALD R. WARREN
                              Attorneys for Relator Vipul R. Vaid

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

Good cause appearing therefor, IT IS HEREBY ORDERED that the claims alleged in the Complaint against Defendants for the Covered Conduct are dismissed with prejudice as to the United States and the Relator and that all other claims of unlawful conduct alleged in the Complaint against Defendants are dismissed with prejudice as to the Relator and are dismissed without prejudice as to the United States.

IT IS SO ORDERED this 2ath day of July , 2002.

_____
United States District Judge

4

**Donald R. Warren** (Bar No. 138933)
2257 Front Street
San Diego, CA 92101-1909
Telephone: (619) 233-0224
Facsimile: (619) 233-0177

**Phillip E. Benson** (Bar No. 97420)
333 City Blvd. West, Ste. 1410
Orange, CA 92868
Telephone: (714) 279-8195
Facsimile: (714) 279-0362

Attorneys for *Qui Tam* Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES of America *ex rel.* VIPUL R. VAID, <br><br> Plaintiff, <br><br> v. <br><br> BLUE CROSS OF CALIFORNIA; WELLPOINT HEALTH NETWORKS, INC. and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. CV-00-1521 JSL (MANx) <br><br> COMPLAINT FOR VIOLATION OF THE FEDERAL FALSE CLAIMS ACT 31 U.S.C. §3729, et seq. <br><br> JURY DEMAND |

COMES NOW *QUI TAM* RELATOR-PLAINTIFF Vipul R. Vaid, suing for himself and for the United States of America, pursuant to 31 U.S.C. Section 3730(b)(1), and alleges as follows:

### I

### JURISDICTION

1.     Jurisdiction of the Federal claims asserted herein is based upon Federal subject matter pursuant to 31 U.S.C. § 3729, et seq. and False Claims Act multi-defendant jurisdiction pursuant to 31 U.S.C. § 3732(a).

///

///

1

**EXHIBIT**

## II

## VENUE

2.   Venue in the Central District of California is based upon 31 U.S.C. § 3732(a) and the fact that the defendants can be found in. reside in, transact business in. or have performed acts proscribed by 31 U.S.C. § 3729, et seq. in this district. The matters complained of herein occurred, in part. in this district.

## III

## PARTIES

3.   *Qui tam* plaintiff, Vipul R. Vaid, is a resident and citizen of the United States and the State of California and resides in Stockton, California.  *Qui tam* plaintiff is a Senior Auditor, who works in the Provider Audit Department for Blue Cross of California.

4.   *Qui tam* plaintiff is informed and believes that defendant Blue Cross of California (hereinafter referred to as "BCC") is a California corporation organized and existing within the laws of the State of California.  BCC was merged into and became a wholly owned subsidiary of WellPoint Health Networks, Inc. in 1996. *Qui tam* plaintiff is further informed and believes that BCC was and is engaged in the knowing submission of false claims to the Health Care Finance Administration (hereinafter referred to as "HCFA") for payments as described herein.

5.   *Qui tam* plaintiff is informed and believes that defendant WellPoint Health Networks, Inc. (hereinafter referred to as "WellPoint") is a Delaware corporation, authorized to do business in, and doing business in, the State of California.  WellPoint was formed for the primary purpose of acquiring and operating BCC.  WellPoint merged BCC into its newly formed corporate structure as a wholly owned subsidiary in 1996, so that it could capitalize on BCC's brand name recognition and market share. *Qui tam* plaintiff is further informed and believes that WellPoint continues to operate through BCC and, as such, was and is engaged in the knowing submission of false claims to the Health Care Finance Administration (hereinafter referred to as "HCFA") for payments as described herein.

6.   Moreover, defendants are believed to have transacted business in this district through acts including, but not limited to. the knowing improper charging to HCFA for the

1 | performance of provider audits and other provider oversight work for which BCC had contracts
2 | with HCFA to perform, but which BCC did not perform.

3 |        7.     The true nature and capacity of defendants sued and named herein as DOES 1
4 | through 20, inclusive, are unknown to plaintiff. who therefore sues such defendants under such
5 | fictitious names. DOES 1 through 20 are individuals and entities who have knowingly
6 | participated in submitting false claims to the government and have conspired with the remaining
7 | defendants to defraud the government by getting the herein described false or fraudulent claims
8 | allowed or paid. *Qui tam* plaintiff will amend this complaint to state the true names and
9 | capacities of DOES 1 through 20 when such have been fully ascertained.

10 | **IV**

11 | **FACTUAL BACKGROUND**

12 |        8.     BCC has had long standing contracts with the United States since the inception of
13 | the Medicare Program to perform, through BCC's Provider Audit Department ("BCC/PAD"),
14 | cost report audits and other critical oversight duties pertaining to healthcare providers who
15 | submit claims to Medicare. The Medicare program operates on a fiscal year basis running from
16 | October 1 through September 30. For the fiscal years ending in 1989 through 1999, HCFA has
17 | paid BCC amounts each year ranging from approximately $15 million in the early years, to more
18 | than $30 million in the more recent years, for the work claimed to be performed by BCC/PAD.
19 | However, between 30% and 45% of the work BCC/PAD contracts to do for HCFA each year is
20 | never done. BCC has hidden this fact from HCFA for many years.

21 |        9.     Among the types of work BCC bills HCFA for each year, for services it has
22 | contracted to perform through BCC/PAD, are the following:

23 |        Audits of Provider Cost Reports
24 |        Full Desk and Limited Desk Reviews
25 |        Problem Resolutions
26 |        Onsite and Focus Reviews
27 |        Periodic Interim Payment Reviews
28 |        Prospective Payment System Reviews and Audits

1        Interim Rate Reviews

2        Settlements

3        Reopening of Audits

4        Special Audit Projects

5      10.    The types of healthcare provider facilities on which this work is performed by

6  BCC/PAD, include the following:

7        Prospective Payment Hospitals and Facilities

8        Non-Prospective Payment Hospitals

9        Skilled Nursing Facilities

10       Home Health Agencies

11       Hospices ·

12       Physical Therapy Clinics

13       Comprehensive Outpatient Rehabilitation Facilities

14       Rehabilitation Centers

15       Home Offices

16       Community Mental Health Centers

17       End Stage Renal Dialysis Centers

18       Rural Health Centers

19       Long Term Care Hospitals

20       County and State Hospitals

21       Children's Hospitals

22     11.    As Medicare's primary auditor of cost reports in California, BCC/PAD is charged

23  with the responsibility of being one of Medicare's main safeguards in protecting the integrity of

24  the Medicare system against inflated reimbursement claims by providers.  However, in failing to

25  complete a large portion of its work, and by hiding this fact from HCFA. this trusted government

26  contractor has caused actual damages to the Medicare system exponentially greater than even the

27  full amount of its contract.

28     12.    BCC/PAD is comprised of approximately 120 auditors.  Approximately 80% of

1    these are based in the Southern California office headquartered in Camarillo, California.

2    Approximately 20% of these are based in the Northern California office headquartered in

3    Oakland, California. *Qui Tam* Plaintiff Vipul R. Vaid is and has been an auditor in the Northern

4    California office since 1987.

5            13.     BCC/PAD prepares and submits annual budgets to HCFA for the work or "jobs"

6    it will perform during the coming fiscal year. These budgets include the hours required to

7    perform each job. For cost report audit work and review work, BCC is paid on a point system,

8    whereby it receives set payments under its contract for each "point." BCC is credited with ½

9    point for starting a job and ½ point for completing a job.

10           14.     Under its contract, in order to get paid for each point, BCC reports to HCFA job

11   "starts" and job "completions." Job "starts" and "completions" are recorded by BCC in a

12   computerized system called the "STAR Report" system. The "start" and "completion" portion,

13   only, of the STAR Report system is then used by BCC to report its job "starts" and

14   "completions" to HCFA. Although another portion of the STAR Report system records actual

15   hours spent performing each job, this portion of the Star Report system is not provided to HCFA.

16           15.     Because BCC/PAD fails to perform much or any of the required work on many of

17   its jobs, BCC/PAD has falsely recorded job "starts" and job "completions" on the portion of the

18   STAR Reporting system used by BCC/PAD to obtain payments from HCFA under the point

19   system, while concealing records and information from HCFA with respect to actual work and

20   hours performed. In reality, important audit steps have not been performed which are necessary

21   for BCC/PAD to be entitled to claim the "start" ½ point and the "completed" ½ point on its

22   reported jobs. By this process, each year BCC/PAD has falsely reported to HCFA that provider

23   cost report audits and reviews have been started or completed, and BCC/PAD has received

24   payment from the United States as a result of such false statements of job performance.

25           16.     Year after year, this process repeats itself and the prior year's claimed work is

26   never completed because BCC/PAD begins working on the next current fiscal year's jobs.

27   BCC/PAD does not provide the resources necessary to perform the new current year's work,

28   much less to go back and complete the work from the previous fiscal year and for which HCFA

1    has already paid.

2         17.    This knowing failure to complete the work for which HCFA pays BCC/PAD, and

3    the knowing cover up of this shortage in performance, is rampant throughout both the Southern

4    California and the Northern California offices of BCC/PAD.

5         18.    Further, when HCFA randomly selects a few sections of a few audits for review,

6    BCC/PAD goes back and tampers with those selected cost report audits, so that BCC/PAD's

7    scheme of defrauding HCFA will continue to go undiscovered.  In furtherance of this cover-up,

8    BCC/PAD creates audit workpapers for the selected audits and then backdates the papers to

9    make it appear that the work had been properly and timely performed

10         19.    The actual damages sustained by the Medicare program because of these false

11    claims and cover up are exponentially greater than the entire contract amounts paid to BCC to

12    perform these critical safeguard functions.  However, it is estimated that the amount of false

13    claims submitted to the government for the work to have been performed by BCC/PAD exceeded

14    $5,000,000 per year in the early years following 1988, and exceeded $10,000,000 per year in the

15    more recent years after WellPoint acquired and began operating BCC.

16         20.    *Qui tam* plaintiff is informed and believes that each of the defendants is aware of

17    the above described fraud on the government and has acted in conspiracy with each other to

18    defraud the United States in this manner.  These improper practices were nothing more than a

19    subterfuge to steal money from the United States and enrich an already extremely wealthy BCC

20    and WellPoint.

21                             **V**

22                  **FIRST CAUSE OF ACTION**

23            **(For Violation of 31 U.S.C. § 3729 et seq.)**

24         21.    *Qui tam* plaintiff hereby realleges and incorporates herein by this reference

25    paragraphs 1 through 20, inclusive, hereinabove, as though fully set forth at length.

26         22.    Between the years 1989 through 1999, and continuing, defendants knowingly

27    have submitted false claims for payment to HCFA, as set forth above, in violation of 31 U.S.C. §

28    3729(a)(1).  Additionally, defendants have knowingly made and used false records or statements

to get a false or fraudulent claim paid by HCFA, in violation of 31 U.S.C. § 3729(a)(2).  Further,

defendants have knowingly made and used false records or statements to conceal, avoid, or

decrease obligations to pay money to HCFA in violation of 31 U.S.C. § 3729(a)(7).  *Qui tam*

plaintiff has personal knowledge of such false claims practices taking place at BCC, and is

informed and believes that such practices were common throughout the entire  BCC/PAD

organization for many years.  As a result of such knowing submission of false claims, BCC has

received payments from the United States Treasury.  All of this has resulted in damage to the

United States in the tens of millions of dollars.

      **WHEREFORE**, *qui tam* plaintiff prays for relief as follows:

      1.     Full restitution to the United States of all money damages sustained by it;

      2.     For three times the dollar amount proven to have been wrongfully charged to and

paid by the United States;

      3.     For maximum civil penalties for all false records, statements, certifications and

claims submitted to the United States;

      4.     For costs of suit and reasonable attorney's fees; and

      5.     For such other and further relief as the Court deems just and proper.

DATED: *Feb 10, 2000*      LAW OFFICES OF DONALD R. WARREN

          By *Donald R. Wa____*
          DONALD R. WARREN
          Attorneys for *Qui Tam*
          Plaintiff Vipul R. Vaid

      **PLAINTIFF DEMANDS A JURY TRIAL**

DATED: *Feb. 10, 2000*      LAW OFFICES OF DONALD R. WARREN

          By *Donald R. Wa____*
          DONALD R. WARREN
          Attorneys for *Qui Tam*
          Plaintiff Vipul R. Vaid

## SETTLEMENT AGREEMENT

### PARTIES

This Settlement Agreement ("Agreement") is entered into by and between the United States of America, acting through the Civil Division of the United States Department of Justice and the United States Attorney's Office for the Central District of California, and on behalf of the Office of Inspector General ("HHS-OIG") of the United States Department of Health and Human Services ("HHS") and the Centers for Medicare and Medicaid Services ("CMS") of HHS (collectively, the "United States"); defendants Blue Cross of California ("BCC") and WellPoint Health Networks Inc. ("WellPoint") (collectively, "Defendants"); and relator Vipul R. Vaid (the "Relator"). The United States, Defendants, and the Relator are referred to herein individually as a "Party" and collectively as the "Parties."

### PREAMBLE

As a preamble to this Agreement, the Parties state the following:

A. Defendant BCC is a California corporation organized and existing under the laws of the State of California. For many years, BCC served under contract for the United States as a fiscal intermediary for Part A of the Medicare Program ("Medicare"), Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395ggg. As a fiscal intermediary, BCC was responsible for, among other things, auditing cost reports submitted by

**EXHIBIT  2**

hospitals and other Medicare providers to ensure that those providers were accurately reporting their allowable costs and to determine that the reimbursements requested by the providers were accurate and appropriate.  BCC ended its fiscal intermediary relationship with the United States on November 30, 2000.

B.  Defendant WellPoint is a Delaware corporation authorized to do business, and doing business, in the State of California. In 1996, BCC merged into, and became an indirect (through WellPoint California Services, Inc.) wholly-owned subsidiary of, WellPoint.

C.  Relator Vipul R. Vaid is an individual resident of California.  Until December 1, 2000, Relator was employed as a Senior Auditor in BCC's Provider Audit Department ("PAD"), the department responsible for auditing cost reports submitted by Medicare providers.  On February 11, 2000, the Relator filed a qui tam action in the United States District Court for the Central District of California captioned U.S. ex rel. Vaid v. Blue Cross of California, et al., CV 00-1521 JSL (MANx) (the "Action"), alleging that BCC and WellPoint violated the False Claims Act, 31 U.S.C. §§ 3729-3733, from 1989 through 1999.

D.  The United States contends that, during the period from 1990 through November 2000, BCC falsified data entered into the System Tracking for Audit and Reimbursement ("STAR") database and the Cost Report Audit Control ("CRAC") database for monitoring

2

13

and reporting (1) desk review and audit starts and completes and (2) settlement and reopening activity (the "Covered Conduct").

E.   The United States further contends that BCC engaged in the Covered Conduct in an effort to mislead the Health Care Financing Administration ("HCFA," now known as CMS, the HHS agency responsible for administering the Medicare Program) as to BCC's performance of required audit work in order to obtain a favorable annual evaluation and to ensure the renewal of BCC's Medicare contract.

F.   The United States contends that it has certain civil claims against Defendants for BCC's engaging in the Covered Conduct, as specified in Paragraph 2, below.

G.   Defendants expressly deny any intentional wrongdoing or liability for the claims specified in Paragraph 2, below.

H.   The Parties agree that the execution of this Agreement does not constitute an admission of any wrongdoing or liability by Defendants nor does it constitute a concession by the United States that its claims are not well founded.

I.   To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the foregoing claims, the Parties reach a full and final settlement pursuant to the Terms and Conditions below.

<u>TERMS AND CONDITIONS</u>

In reliance on the representations contained herein, and in

3

/4

consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated herein, the Parties agree as follows:

1.  Defendants agree to pay to the United States $9,250,000.00 (the "Settlement Amount").  Defendants further agree to pay Relator $30,000.00 for expenses, attorneys' fees, and costs.  The foregoing payments shall be made as follows:

a.  Defendants agree to pay the full Settlement Amount to the United States by electronic funds transfer pursuant to written instructions to be provided by the United States. Defendants agree to make this electronic funds transfer no later than the effective date of this Agreement.

b.  Defendants agree to pay $30,000.00 to Relator's attorney-client trust account by electronic funds transfer pursuant to written instructions to be provided by Relator's attorneys.  Defendants agree to make this electronic funds transfer no later than the effective date of this Agreement.

2.  Subject to the exceptions in Paragraph 5, below, in consideration of the obligations of Defendants in this Agreement, and upon Defendants' full payment of the Settlement Amount, the United States (on behalf of itself and its officers, agents, agencies, and departments) shall release Defendants, together with their current and former parent corporations, direct and indirect subsidiaries, successors and assigns, and current and

4

15

former officers, directors, and employees, from any civil or

administrative monetary claim the United States has or may have

for the Covered Conduct under the False Claims Act, 31 U.S.C. §§

3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-

7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812;

and the common law theories of payment by mistake, unjust

enrichment, breach of contract, concealment, and fraud.

3.  Upon the United States' and the Relator's receipt of the

payments described in Paragraph 1, above, the United States will

promptly file with the Court in the Action (1) a Notice of

Intervention in the Action and (2) a Stipulation and [Proposed]

Order of Dismissal, in the form attached hereto as Exhibit A,

signed by the Parties.  The Relator and Defendants shall sign the

Stipulation and [Proposed] Order of Dismissal concurrently with

the execution of the Agreement.

4.  CMS and HHS, after due consideration of the factors

identified in 48 C.F.R. §§ 9.406-1 and 9.406-2, agree that they

will not pursue debarment or suspension (as set forth in 48

C.F.R. Subparts 9.4 and 309.4) of the Defendants, based on the

Covered Conduct.  CMS and HHS further agree not to pursue

debarment or suspension of any current or former parent

corporations, affiliates, direct or indirect subsidiaries,

brother or sister corporations, divisions, successors, and

assigns of the Defendants, based on the Covered Conduct.  CMS

5

also agrees that any and all applications, bids, and/or proposals received by CMS from the Defendants will be considered in accordance with the Federal Acquisition Regulations (FAR), 48 C.F.R. Part 1; the HHSAR, 48 C.F.R. Chapter 3; Medicare and Medicaid statutes and regulations; and any other applicable statutes and regulations.  Specifically, such consideration may take into account prior experience and past performance, including the Covered Conduct.

5.  Notwithstanding any term of this Agreement, specifically reserved and excluded from the releases given in this Agreement as to any entity or person (including Defendants and Relator) are the following claims of the United States:

a.  Any civil, criminal, or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code) or regulations promulgated thereunder;

b.  Any criminal liability;

c.  Except as explicitly stated in this Agreement, any administrative liability, including mandatory exclusion from Federal health care programs (as defined in 42 U.S.C. § 1320a-7b(f));

d.  Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

e.  Any liability based upon such obligations as are created by this Agreement;

6

f.  Any liability for express or implied warranty claims or other claims for defective or deficient services relating to the quality of those services, other than such claims based upon the Covered Conduct;

g.  Any liability for failure to deliver services due, other than such liability based upon the Covered Conduct; and

h.   Any civil or administrative liability of individuals (including current or former officers, directors, or employees of BCC and WellPoint) who are indicted, charged, or convicted, or who enter into a plea agreement related to the Covered Conduct, provided, however, that if such individuals are legally entitled to repayment from BCC or WellPoint by claim for indemnification, contribution, reimbursement, or otherwise as a result of a claim brought by the United States, the releases provided in Paragraph 2, above, shall apply to such individuals with respect to that claim.

6.  Upon Defendants' fulfillment of the conditions in Paragraph 1, above, Relator shall release Defendants, together with their current and former parent corporations, direct and indirect subsidiaries, successors and assigns, and current and former officers, directors, and employees, temporary employees, and Medicare Part A consultants, from any and all claims (including claims for attorneys' fees, costs, and expenses of every kind and however denominated) that he has asserted, could

7

have asserted, or may assert in the future against these entities
and/or individuals arising out of or relating in any way to
Defendants' alleged conduct set forth in the Relator's Complaint.

7.   Defendants release Relator from any and all claims of
every kind and however denominated, that may have existed at any
time up until the effective date of this Agreement and that
relate in any way to Relator's investigation of the Defendants'
alleged conduct set forth in the recitals in his Complaint.

8.   Defendants waive and will not assert any defenses they
may have to any criminal prosecution or administrative action
relating to the Covered Conduct, which defenses may be based in
whole or in part on a contention that, under the Double Jeopardy
Clause in the Fifth Amendment of the Constitution, or under the
Excessive Fines Clause in the Eighth Amendment of the
Constitution, this Agreement bars a remedy sought in such
criminal prosecution or administrative action.   Defendants agree
that this Settlement Agreement is not punitive in purpose or
effect.   Nothing in this Paragraph or any other provision of this
Agreement constitutes an agreement by the United States
concerning the characterization of the Settlement Amount for
purposes of the Internal Revenue laws, Title 26 of the United
States Code.

9.   Defendants fully and finally release the United States
and its agencies, employees, servants, and agents from any claims

8

(including claims for attorneys' fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the United States and/or its agencies, employees, servants, and agents, related to the Covered Conduct and the United States' investigation and pursuit thereof.

10.   This Agreement is intended to be for the benefit of the Parties and the entities and individuals released in Paragraph 2, above, only.  The Parties do not release any claims against any other person or entity.

11.   Defendants agree to the following:

a.   <u>Unallowable Costs Defined:</u>  Defendants agree that all costs (as defined in § 31.205-47 of the Federal Acquisition Regulations ("FAR") and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395ggg and 1396-1396v, and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Defendants and/or their present or former officers, directors, employees, shareholders, and agents in connection with the following shall be unallowable costs on government contracts and under the Medicare Program: (1) the matters covered by this Agreement; (2) the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement; (3) Defendants' investigation, defense, and corrective actions, if any, undertaken in response to the United

9

States' audit(s) and civil investigation(s) in connection with
the matters covered by this Agreement (including attorneys'
fees); (4) the negotiation and performance of this Agreement; and
(5) the payment Defendants make to the United States pursuant to
this Agreement and any payments that Defendants may make to
Relator, including costs and attorneys' fees.  (All costs
described or set forth in this Paragraph 11(a) are hereinafter
referred to as "unallowable costs.")

      b.   Future Treatment of Unallowable Costs:  Defendants
further agree that these unallowable costs will be separately
determined and accounted for by Defendants, and Defendants will
not charge such unallowable costs directly or indirectly to any
contracts with the United States, or seek payment for such
unallowable costs through any cost report, cost statement,
information statement, or payment request submitted to the
Medicare Program, TRICARE Management Activity, Medicaid, the
United States Department of Veteran Affairs ("VA"), or the
Federal Employees Health Benefits Program ("FEHBP") by Defendants
or any of their subsidiaries or affiliates.

      c.   Treatment of Unallowable Costs Previously Submitted
for Payment:  Defendants further agree that within 90 days of the
effective date of this Agreement, they will identify to
applicable Medicare and TRICARE Management Activity fiscal agents
and Medicaid, VA, and FEHBP fiscal agents, any unallowable costs

10

(as defined in Paragraph 11(a), above) included in payments previously sought from the United States, or any State Medicaid Program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Defendants or any of their subsidiaries or other affiliates, and will request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the unallowable costs. Defendants agree that the United States, at a minimum, will be entitled to recoup from Defendants any overpayment plus applicable interest and penalties as a result of the inclusion of such unallowable costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice, and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Defendants or any of their subsidiaries or other affiliates on the effect of inclusion of unallowable costs (as defined in this Paragraph) on Defendants or any of their subsidiaries' or other affiliates' cost reports, cost statements, or information reports. Nothing in this Agreement shall constitute a waiver of the rights of the United States to examine

11

or reexamine the unallowable costs described in this Paragraph.

12.  Defendants warrant that they have reviewed their
financial situation and that they currently are not insolvent
within the meaning of 11 U.S.C. §§ 547(b)(3) and
548(a)(1)(B)(ii)(I), and will remain solvent following payment to
the United States of the Settlement Amount.  Further, the Parties
warrant that, in evaluating whether to execute this Agreement,
they (a) have intended that the mutual promises, covenants, and
obligations set forth constitute a contemporaneous exchange for
new value given to Defendants, within the meaning of 11 U.S.C. §
547(c)(1); and (b) have concluded that these mutual promises,
covenants, and obligations do, in fact, constitute such a
contemporaneous exchange.  Further, the Parties warrant that the
mutual promises, covenants, and obligations set forth herein are
intended and do, in fact, represent a reasonably equivalent
exchange of value which is not intended to hinder, delay, or
defraud any entity to which Defendants are or may become indebted
to on or after the date of this transfer, within the meaning of
11 U.S.C. § 548(a)(1).

13.  All parties consent to the United States' disclosure of
this Agreement, and information about this Agreement, to the
public.

14.  This Agreement is binding on Defendants' successors,
transferees, subsidiaries, and assigns.

12

23

15.   The Relator agrees and confirms that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B).

16.   Except as expressly provided to the contrary in this Agreement, each Party will bear its or his own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

17.   Defendants represent that they enter into this Agreement voluntarily, knowingly, and deliberately, and without any degree of duress or compulsion whatsoever.

18.   Relator represents that he enters into this Agreement voluntarily, knowingly, and deliberately, and without any degree of duress or compulsion whatsoever.

19.   This Agreement is governed by the laws of the United States.   The Parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the Parties under this Agreement will be the United States District Court for the Central District of California.

20.   This Agreement constitutes the complete agreement between the Parties.   This Agreement may not be amended except by written consent of the Parties.

21.   The individuals signing this Agreement on behalf of Defendants represent and warrant that they are authorized by Defendants to execute this Agreement.   The United States

13

2Y

signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.

22.   This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

23.   This Agreement is effective on the date of signature of the last signatory to the Agreement.   Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

<u>THE UNITED STATES OF AMERICA</u>

DATED: _7/25/02_        BY: _Cathy O. Stiller_

CATHY O. OSTILLER
**Assistant United States Attorney**
**United States Attorney's Office for the Central District of California**

DATED:_____        BY: _____

**LAWRENCE A. CASPER**
**Trial Attorney**
**Commercial Litigation Branch**
**Civil Division**
**United States Department of Justice**

14

25

signatories represent that they are signing this Agreement in their official capacities and that they are authorized to execute this Agreement.

22.   This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

23.   This Agreement is effective on the date of signature of the last signatory to the Agreement.   Facsimiles of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

<u>**THE UNITED STATES OF AMERICA**</u>

DATED:_____     BY:_____

CATHY J. OSTILLER
Assistant United States
Attorney
United States Attorney's
Office for the Central
District of California

DATED: 7/25/02                   BY:_____

LAWRENCE A. CASPER
Trial Attorney
Commercial Litigation Branch
Civil Division
United States Department of
Justice

14

THE UNITED STATES OF AMERICA, cont'd

DATED: _7/24/02_          BY: _____
                              LEWIS MORRIS
                              Assistant Inspector General
                              Office of Counsel to the
                              Inspector General
                              Office of Inspector General
                              United States Department of
                              Health and Human Services


DATED: _____   BY: _____
                              ELIZABETH CUSICK
                              Deputy Director for Medicare
                              Management
                              Center for Medicare Management
                              Centers for Medicare and
                              Medicaid Services
                              United States Department of
                              Health and Human Services


DATED: _____   BY: _____
                              MICHELLE SNYDER
                              Director, Office of Financial
                              Management
                              Centers for Medicare and
                              Medicaid Services
                              United States Department of
                              Health and Human Services


DATED: _____   BY: _____
                              MARC WEISMAN
                              Acting Deputy Assistant
                              Secretary for Grants and
                              Acquisition Management
                              United States Department of
                              Health and Human Services

15

## THE UNITED STATES OF AMERICA, cont'd

DATED:_____          BY:_____

                                LEWIS MORRIS
                                Assistant Inspector General
                                Office of Counsel to the
                                Inspector General
                                Office of Inspector General
                                United States Department of
                                Health and Human Services


DATED: 7/24/2002          BY: *Elizabeth Cusick*
                                ELIZABETH CUSICK
                                Deputy Director for Medicare
                                Management
                                Center for Medicare Management
                                Centers for Medicare and
                                Medicaid Services
                                United States Department of
                                Health and Human Services


DATED: 7/24/2002          BY: *Michelle Snyder*
                                MICHELLE SNYDER
                                Director, Office of Financial
                                Management
                                Centers for Medicare and
                                Medicaid Services
                                United States Department of
                                Health and Human Services


DATED:_____          BY:_____

                                MARC WEISMAN
                                Acting Deputy Assistant
                                Secretary for Grants and
                                Acquisition Management
                                United States Department of
                                Health and Human Services


15

2 8

## THE UNITED STATES OF AMERICA, cont'd

DATED:_____     BY:_____

LEWIS MORRIS
Assistant Inspector General
Office of Counsel to the
Inspector General
Office of Inspector General
United States Department of
Health and Human Services


DATED:_____     BY:_____

ELIZABETH CUSICK
Deputy Director for Medicare
Management
Center for Medicare Management
Centers for Medicare and
Medicaid Services
United States Department of
Health and Human Services


DATED:_____     BY:_____

MICHELLE SNYDER
Director, Office of Financial
Management
Centers for Medicare and
Medicaid Services
United States Department of
Health and Human Services


DATED: 7-24-02           BY: _Marc Weisman_

MARC WEISMAN
Acting Deputy Assistant
Secretary for Grants and
Acquisition Management
United States Department of
Health and Human Services


15

29

DEFENDANTS BLUE CROSS OF CALIFORNIA AND
WELLPOINT HEALTH NETWORKS INC.

DATED: _July 26, 2002_          BY: _Thomas C. Geiser_
                                    THOMAS C. GEISER
                                    Executive Vice President,
                                    General Counsel and Secretary
                                    of WellPoint Health Networks
                                    Inc., and Secretary of
                                    Blue Cross of California

Approved as to form and content:

DATED: _July 24, 2002_          BY: _____
                                    BARBARA VAN GELDER
                                    KATHRYN BUCHER
                                    Wiley, Rein & Fielding
                                    Counsel for Defendants Blue
                                    Cross of California and
                                    WellPoint Health Networks Inc.


RELATOR VIPUL R. VAID


DATED:_____   .   BY: _____
                                    VIPUL R. VAID
                                    Relator

Approved as to form and content:


DATED:_____       BY: _____
                                    PHILLIP E. BENSON
                                    DONALD R. WARREN
                                    Counsel for Relator Vipul R.
                                    Vaid


16

### DEFENDANTS BLUE CROSS OF CALIFORNIA AND WELLPOINT HEALTH NETWORKS INC.

DATED:_____          BY: _____
                                     THOMAS C. GEISER
                                     Executive Vice President,
                                     General Counsel and Secretary
                                     of WellPoint Health Networks
                                     Inc., and Secretary of
                                     Blue Cross of California

Approved as to form and content:

DATED:_____          BY: _____
                                     BARBARA VAN GELDER
                                     KATHRYN BUCHER
                                     Wiley, Rein & Fielding
                                     Counsel for Defendants Blue
                                     Cross of California and
                                     WellPoint Health Networks Inc.

### RELATOR VIPUL R. VAID

DATED: 7/24/02                   BY: _____
                                     VIPUL R. VAID   VIPUL R. VAID
                                     Relator

Approved as to form and content:

DATED:_____          BY: _____
                                     PHILLIP E. BENSON
                                     DONALD R. WARREN
                                     Counsel for Relator Vipul R.
                                     Vaid

## DEFENDANTS BLUE CROSS OF CALIFORNIA AND
## WELLPOINT HEALTH NETWORKS INC.


DATED:_____     BY: _____

**THOMAS C. GEISER**
**Executive Vice President,**
**General Counsel and Secretary**
**of WellPoint Health Networks**
**Inc., and Secretary of**
**Blue Cross of California**


Approved as to form and content:


DATED:_____     BY: _____

**BARBARA VAN GELDER**
**KATHRYN BUCHER**
**Wiley, Rein & Fielding**
**Counsel for Defendants Blue**
**Cross of California and**
**WellPoint Health Networks Inc.**


### RELATOR VIPUL R. VAID


DATED:_____     BY: _____

**VIPUL R. VAID**
**Relator**


Approved as to form and content:


DATED: 7/24/02           BY: _Donald R. Wa___

**PHILLIP E. BENSON**
**DONALD R. WARREN**
**Counsel for Relator Vipul R.**
**Vaid**

32

# EXHIBIT A

1   DEBRA W. YANG
    United States Attorney
2   LEON W. WEIDMAN
    Chief, Civil Division
3   SUSAN HERSHMAN
    Deputy Chief, Civil Fraud Section
4   CATHY J. OSTILLER, CSBN 174582
    Assistant United States Attorney
5   Room 7516, Federal Building
    300 North Los Angeles Street
6   Los Angeles, California 90012
    Telephone:  (213) 894-6159
7   Facsimile:  (213) 894-5139

8   ROBERT D. McCALLUM, JR.
    Assistant Attorney General
9   MICHAEL F. HERTZ
    JOYCE R. BRANDA
10  LAWRENCE A. CASPER
    Attorneys, Civil Division
11  Department of Justice
    Post Office Box 261
12  Ben Franklin Station
    Washington, D.C.  20044
13  Telephone:  (202) 353-7950
    Facsimile:  (202) 305-7868
14
    Attorneys for United States of America
15

16              IN THE UNITED STATES DISTRICT COURT

17            FOR THE CENTRAL DISTRICT OF CALIFORNIA

18                      WESTERN DIVISION

19

20  UNITED STATES OF AMERICA ex rel.        CV 00-1521 JSL (MANx)
    VIPUL R. VAID,
21
            Plaintiffs,                     **STIPULATION AND [PROPOSED]**
22                                          **ORDER OF DISMISSAL**
        v.
23

24  BLUE CROSS OF CALIFORNIA;
    WELLPOINT HEALTH NETWORKS, INC.
25  and DOES 1 through 10, inclusive,

26          Defendants.

27

28

                           34

1        For good and valuable consideration, consisting of the

2   resolution of the claims in the above-captioned action and of mutual

3   promises, covenants, and obligations made in connection therewith,

4   plaintiff the United States of America (the "United States"),

5   relator Vipul R. Vaid (the "Relator"), and defendants Blue Cross of

6   California and WellPoint Health Networks Inc. (collectively,

7   "Defendants"), appearing through their respective counsel in this

8   action, hereby stipulate and agree as follows:

9        1.   Pursuant to 31 U.S.C. § 3730(a) and (b) and 28 U.S.C. §§

10   1331 and 1345, the Court has subject-matter jurisdiction over this

11   action, which is brought under the False Claims Act, 31 U.S.C. §§

12   3729-3733.

13       2.   Defendants acknowledge and accept service of the Complaint

14   in this action, a true and correct copy of which is attached hereto

15   as Exhibit 1 (the "Complaint").  The Court has personal jurisdiction

16   over Defendants in this action.

17       3.   Venue is proper in this District pursuant to 31 U.S.C. §

18   3732(a) and 28 U.S.C. § 1391(b) because a substantial part of the

19   events giving rise to the claims brought in this action occurred in

20   this District, and Defendants can be found, reside, or transact

21   business in this District.

22       4.   Pursuant to Federal Rule of Civil Procedure 41, and without

23   further notice or hearing, (1) a dismissal with prejudice as to the

24   United States and as to the Relator shall be entered as to all

25   claims alleged in the Complaint against Defendants for the "Covered

26   Conduct," as defined in the Settlement Agreement between the United

27   States, the Relator, and Defendants, a true and correct copy of

28   which Settlement Agreement is attached hereto as Exhibit 2 (the

35

1  "Covered Conduct"); and (2) a dismissal with prejudice as to the

2  Relator and without prejudice as to the United States shall be

3  entered as to all other claims of unlawful conduct alleged in the

4  Complaint against Defendants.  The Attorney General consents to the

5  said dismissals because they are required by the Settlement

6  Agreement.

7                              Respectfully submitted,

8  DATED: July __, 2002        DEBRA W. YANG
                                United States Attorney
9

10                             _____
                               CATHY J. OSTILLER
                               Assistant United States Attorney
11                             Attorneys for the United States of
                               America
12

13  DATED: July __, 2002        ROBERT D. McCALLUM, JR.
                                Assistant Attorney General
14                              MICHAEL F. HERTZ
                                JOYCE R. BRANDA
15

16                             _____
                               LAWRENCE A. CASPER
17                             Attorneys, Civil Division
                               Department of Justice
18                             Attorneys for the United States of
                               America
19

    DATED: July __, 2002        WILEY, REIN & FIELDING
20

21                             _____
                               BARBARA VAN GELDER
22                             KATHRYN BUCHER
                               Attorneys for Defendants Blue Cross of
23                             California and WellPoint Health
                               Networks Inc.
24

25  DATED: July __, 2002       _____
                               PHILLIP E. BENSON
26                             DONALD R. WARREN
                               Attorneys for Relator Vipul R. Vaid
27

28

                              3

                             36

## ORDER

Good cause appearing therefor, IT IS HEREBY ORDERED that the claims alleged in the Complaint against Defendants for the Covered Conduct are dismissed with prejudice as to the United States and the Relator and that all other claims of unlawful conduct alleged in the Complaint against Defendants are dismissed with prejudice as to the Relator and are dismissed without prejudice as to the United States.

IT IS SO ORDERED this ____ day of _____, 2002.

_____
United States District Judge

4

1                 <u>PROOF OF SERVICE BY MAIL</u>

2      I am over the age of 18 and not a party to the within action.  I

3 am employed by the Office of the United States Attorney, Central

4 District of California.  My business address is 300 North Los Angeles

5 Street, Suite 7516, Los Angeles, California 90012.

6      On July 26, 2002, I served **STIPULATION AND [PROPOSED] ORDER OF**

7 **DISMISSAL** on each person or entity named below by enclosing a copy in

8 an envelope addressed as shown below and placing the envelope for

9 collection and mailing on the date and at the place shown below

10 following our ordinary office practices.  I am readily familiar with

11 the practice of this office for collection and processing

12 correspondence for mailing.  On the same day that correspondence is

13 placed for collection and mailing, it is deposited in the ordinary

14 course of business with the United States Postal Service in a sealed

15 envelope with postage fully prepaid.

16      Date of mailing:  July 26, 2002.  Place of mailing:  300 N. Los

17 Angeles Street, Los Angeles, California  90012.

18 TO:   Donald R. Warren, Esq.
       110 Juniper Street
19      San Diego, CA 92101-1909

20      Lawrence A. Casper, Esq.
       U.S. Department of Justice
21      P.O. Box 261, Ben Franklin Station
       Washington, D.C.  20044

22
     I declare under penalty of perjury under the laws of the United

23 States of America that the foregoing is true and correct.

24
     I declare that I am employed in the office of a member of the bar

25 of this court at whose direction the service was made.

26
     Executed on:  July 26, 2002 at Los Angeles, California.

27

28                             *Adele Davis*
                            ADELE DAVIS